UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNELL RICHARDSON (#128280)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 10-825-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNELL RICHARDSON (#128280)

VERSUS                                                CIVIL ACTION

JAMES M. LEBLANC, ET AL                               NUMBER 10-825-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Howard Prince and Assistant Warden Charlene Haydel. Plaintiff alleged that he was denied adequate dental treatment and he was charged for dental services in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v.*

*Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he was denied adequate dental treatment.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged inadequate dental treatment.

Plaintiff alleged that he was charged for dental services.

First, "[t]here is ... no general constitutional right to free health care." *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997). Charging inmates for medical care is not per se unconstitutional. *Id.*

Prisoners have a property interest in the funds in their prison accounts. *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Although the plaintiff complained that he was charged for dental services, and presumably the payments were deducted from his inmate trust account, he failed to allege that he was deprived of his funds without due process of law. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, or property' is not itself unconstitutional; what is unconstitutional

2

is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975 (1990). In the absence of an allegation that the deductions occurred without due process of law, the plaintiff cannot succeed on a procedural due process claim. Even assuming the plaintiff alleged that he has been deprived of his property without due process of law, random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Plaintiff named Secretary LeBlanc, Warden Prince and Assistant Warden Haydel as defendants but failed to allege any facts against them.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc, Warden Prince and Assistant Warden Haydel are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice to any state law claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be

dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Signed in Baton Rouge, Louisiana, on April 15, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**